DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JESSE C. HARRELL** a/k/a **JESSE CLEVELAND HUNTER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-559

[April 15, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas H. Barkdull, III, Judge; L.T. Case No. 502013DR000533FC.

Jesse C. Harrell a/k/a Jesse Cleveland Hunter, West Palm Beach, pro se.

No appearance for appellee.

PER CURIAM.

Appellant Jesse Harrell, a state prisoner, appeals the order denying his petition for change of name and dismissing his case. Section 68.07(3), Florida Statutes (2013), presents the requirements for a facially sufficient petition for name change, which includes the requirement that "the petitioner's civil rights have never been suspended or, if the petitioner's civil rights have been suspended, that full restoration of civil rights has occurred." § 68.07(3)(k), Fla. Stat. (2013). Appellant's petition was denied for being facially insufficient as he admitted that his civil rights are suspended.

On appeal, Appellant argues that the denial of his petition on this ground substantially burdens his exercise of religion in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 (2000), which specifically provides for the protection of religious exercise of institutionalized persons because of their particular vulnerability to governmental regulation. We disagree with Appellant, and therefore affirm.

The RLUIPA has no application to Appellant's claim because the purpose of the federal act is to protect inmates from governmental regulation *within a correctional institution*.  *See* 42 U.S.C. § 2000cc-1(b)(1) (2000) (providing that the section applies when "the substantial burden is imposed in a program or activity that receives Federal financial assistance").  *See, e.g.*, *Holt v. Hobbs*, 135 S. Ct. 853 (2015) (addressing a claim that a *prison regulation* prohibiting inmates from growing beards is a violation of RLUIPA).  The law at issue is a state statute that applies to all persons petitioning for a name change, not merely those incarcerated within a correctional institution.

*Affirmed.*

DAMOORGIAN, C.J., CONNER and FORST, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***